UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| JANELLE MINFEE | Index No.: |
| Plaintiff, | |
| -against- | **VERIFIED COMPLAINT** |
| | Plaintiff Demands Trial by Jury |
| CITY OF NEW YORK, DETECTIVE ETNA SOBEROL and GAVIN MOORE | |
| Defendants. | |

--------------------------------------------------------X

Plaintiff, JANELLE MINFEE, by her attorneys, Keith White, PLLC., complaining of the defendants, The CITY OF NEW YORK, DETECTIVE ETNA SOBEROL, Shield No. 7200 ("DET. VERDESOTO") and GAVIN MOORE ("MOORE"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, JANELLE MINFEE seeks relief for the defendants' violation of her rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as Plaintiff's rights under New York State common law. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred

upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

4. This court has supplemental jurisdiction to hear the state claims of false arrest and malicious prosecution under New York's common law.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6. Plaintiff is a United States citizen of full age and a resident of Kings County, New York.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

8. Defendant DETECTIVE ETNA SOBEROL was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant

DET. ETNA SOBEROL acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant GAVIN MOORE, a private citizen, is being sued pursuant to the Court's supplemental jurisdiction, for falsely arresting and maliciously prosecuting Plaintiff in violation of state law. Defendant Gavin Moore was at all times relevant herein, a United States citizen of full age and a resident of Kings County, New York.

## STATEMENT OF FACTS

10. The Plaintiff Janelle Minfee previously owned a juice shop within the confines of Kings County, New York.

11. Defendant Gavin Moore expressed a professional interest in Plaintiff's business.

12. On May 1, 2017, Plaintiff Janelle Minfee met Defendant Gavin Moore in Kings County, New York to discuss a potential business opportunity. Defendant Gavin Moore then expressed a personal interest in Plaintiff. The Plaintiff decided to decline Defendant Moore's business proposal and was viciously attacked and robbed by Gavin Moore (description of charges attached as Exhibit A) in Kings County, New York.

13. In this attack, the Plaintiff's arm was fractured as she was held against her will by the Defendant Gavin Moore.

14. On June 13, 2017 Defendant Gavin Moore was arrested by members of the NYPD, charged in Kings County, New York and arraigned on charges including assault, larceny, criminal possession of stolen property, menacing, harassment and other charges related to Defendant Moore's assault and robbery of the Plaintiff.

15. On April 16, 2018 Defendant Gavin Moore pled guilty to an added charge of Criminal Mischief in a plea deal with the Kings County District Attorney's Office. This plea to Criminal Mischief was added as a top charge to cover and include the assault, larceny, menacing and harassment charges against Defendant Moore related to his attack on the Plaintiff.

16. In addition to pleading guilty to the above conduct, Defendant Gavin Moore was ordered to pay Plaintiff restitution and a full five year order of protection was granted against Defendant Moore in favor of the Plaintiff (attached here as Exhibit B).

17. After pleading guilty, being subjected to a full and final order of protection and ordered to pay restitution to the Plaintiff, Defendant Gavin Moore retaliated against the Plaintiff by filing a criminal complaint against the Plaintiff.

18. In his retaliatory, uncorroborated and false complaint, Defendant Gavin Moore alleged that while the Plaintiff was present in court to collect her restitution the Plaintiff allegedly saw Defendant Moore in court during one of his appearances and the Plaintiff cursed at the Defendant Moore in a threatening manner with an umbrella in front of court officers and Assistant District Attorneys.

19. While Defendant Gavin Moore's wildly unbelievable and untrue complaint should have been disregarded as retaliatory because there were no witnesses to corroborate his story, no court officers or Assistant District Attorneys to affirm his narrative and no video surveillance to substantiate his story (although the court is filled with cameras), Detective ETNA

SOBEROL decided to place the Plaintiff under arrest more than a year later based on this false complaint.

20. Prior to placing the Plaintiff under arrest, Plaintiff's Attorney informed Defendant SOBEROL that the Plaintiff was actually the victim in a case where Defendant MOORE pled guilty and that the complaint filed by MOORE was false, retaliatory and an uncorroborated attempt to further harass the Plaintiff. Plaintiff's counsel provided a copy of the order of protection in favor of the Plaintiff.

21. Once presented with this information, Defendant SOBEROL was unrelenting and falsely informed Plaintiff's counsel that there were eyewitnesses and video showing the Plaintiff threatening Defendant MOORE.

22. Defendant SOBEROL then falsely placed the Plaintiff under arrest at the 84th precinct in Brooklyn, New York.

23. Defendant SOBEROL placed the Plaintiff under arrest on March 28, 2019 and charged Plaintiff with several crimes including criminal possession of a weapon, harassment and menacing.

24. The Plaintiff was forced to remain under arrest for more than 12 hours.

25. The Kings County District Attorney's Office quickly investigated the case and rightly determined that the Plaintiff should have never been arrested.

26. The false retaliatory complaint of an angry criminal abuser should have been investigated, vetted and dismissed without the Plaintiff being imprisoned after she had already been victimized by Defendant MOORE.

27. Defendant SOBEROL falsely claimed that there were eyewitnesses and video of the Plaintiff cursing and threatening Defendant MOORE.

28. On June 12, 2019, because there was no basis for Plaintiff's arrest, the Kings County District Attorney's Office dismissed the charges against Plaintiff in the interest of justice (certificate of disposition attached here as Exhibit C).

29. There were no conditions to this dismissal and the dismissal was not the result of an adjournment in contemplation of dismissal.

30. As a result of the false charges leveled against plaintiff by defendant GAVIN MOORE and defendant DET. SOBEROL plaintiff spent more than 12 hours falsely imprisoned in jail until her arraignment and release on her own recognizance.

31. The arrest was caused by Gavin Moore and Etna Soberol, who acted jointly.

32. Defendant Gavin Moore caused the arrest by falsely and maliciously reporting to police that Plaintiff threatened him with an umbrella in open court, in front of court officers, police officers and Assistant District Attorneys- yet Plaintiff was not arrested, charged, detained or restrained by any of the officers present.

33. Defendant SOBEROL caused the commencement of plaintiff's prosecution for criminal possession of a weapon, harassment and other charges by swearing to the truth of the information in Moore's complaint and causing it to be filed in Kings County Criminal Court, knowing that there was no probable cause for the prosecution and falsely and maliciously stating that there were eyewitnesses and video that established probable cause for Plaintiff's arrest.

34. Upon information and belief, the Kings County District Attorney's Office would have declined to initially accept the case and the Plaintiff would not have spent over 12 hours in jail, but for Defendant SOBEROL's attestation that there were eyewitnesses and video to corroborate Defendant MOORE's false and malicious complaint.

35. In causing and facilitating Plaintiff's criminal prosecution, defendant MOORE acted maliciously for personal reasons to retaliate against the Plaintiff after he already robbed Plaintiff and broke her arm.

36. In facilitating the Plaintiff's criminal prosecution, Defendant SOBEROL acted maliciously by lying to Plaintiff's counsel as well as employees of the Kings County District Attorneys Office when she stated that there were eyewitnesses and video to corroborate Plaintiff threatening MOORE with an umbrella in criminal court. Upon information and belief, Defendant SOBEROL never viewed or came in possession of any such video and never identified, interviewed or knew of any eyewitnesses to this false claim.

37. As a result of the above referred to wrongful and malicious conduct of the police defendant and defendant Moore, the Plaintiff was damaged, including experiencing incarceration, loss of time from usual activities, loss of liberty, suffering, fright, emotional distress, and was otherwise damaged, including, as a result of the complained of conduct, incurring expenses and legal fees.

38. The abuse to which Plaintiff was subjected was consistent with an institutionalized practice of the City of New York's Police Department, which was known to and approved of by the Defendant CITY of NEW YORK, the CITY of NEW YORK having at no time taken any effective action to prevent defendant SOBEROL from continuing to engage in such misconduct as that complained of herein.

39. Defendant CITY of NEW YORK authorized, tolerated as institutionalized practices and approved of the misconduct herein before referred to by:

    a. Failing to properly train, discipline, restrict and control employees, including defendant SOBEROL;

  b. Failing to implement proper procedures, guidelines and/or policies regarding the duty of police personnel to protect persons, including the plaintiff herein, from false and malicious allegations;

  c. Allowing, condoning and/or permitting police personnel to abuse citizens.

40. As a consequence of the abuse of authority detailed above, including the CITY of NEW YORK's condonation of official misconduct, plaintiff suffered the damages hereinbefore alleged.

## AS FOR A FIRST CAUSE OF ACTION

*DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

*FALSE ARREST and MALICIOUS PROSECUTION*

41. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

43. At all times during the events described above defendants lacked probable cause to charge plaintiff with criminal conduct.

44. All of the aforementioned acts of defendants were carried out under the color of state law.

45. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

46. The acts complained of were carried out by the defendant in her capacity as a police officer, with all actual and/or apparent authority afforded thereto.

47. The acts complained of deprived plaintiff of her rights:

    i. To be free from false arrest;

    ii. To be free from unwarranted and malicious criminal prosecution;

    iii. To receive a fair trial; and

    iv. To be free from deprivation of liberty without due process of law.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

48. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

49. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the police officer defendants because their conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

50. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

51. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

52. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

53. The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

## AS FOR A THIRD CAUSE OF ACTION

*SUPPLEMENTAL STATE LAW CLAIM OF FALSE ARREST AND MALICIOUS PROSECUTION AGAINST GAVIN MOORE*

54. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

55. The acts and conduct alleged constitute false arrest and malicious prosecution on the part of the defendant Gavin Moore under the common law of the State of New York.

56. This court has supplemental jurisdiction to hear and determine this claim.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive

damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 10/10/2019
       Brooklyn, NY

                                By:      */s/Norman Keith White*
                                         Norman Keith White, Esq.
                                         *Attorney for Plaintiff*
                                         198A Rogers Avenue
                                         Brooklyn, NY 11225
                                         Tel. 718-403-9261
                                         keith@keithwhitelaw.com