UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JANELLE MINFEE

                 Plaintiff,                 Index No.: 20 CV 0274 (RPK)(CLP)

    -against-

                                              **RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6) AND 12 (c)**

CITY OF NEW YORK and
DETECTIVE ETNA
SOBEROL

                 Defendants,

---------------------------------------------------------X

       Plaintiff, JANELLE MINFEE, by and through his attorney, Alexis G. Padilla, Esq., in response to defendants CITY OF NEW YORK and DETECTIVE ETNA SOBEROL's ("DET. SOBEROL") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (c) states the following:

## **PRELIMINARY STATEMENT**

       Plaintiff initiated this action pursuant to 42 U.S.C. § 1983. Plaintiff seeks redress under the Fourth and Fourteenth Amendments of the United States Constitution for violation of her right to be free from arrest without probable cause stemming from an incident on or about March 28, 2019 in which she was arrested by defendant DETECTIVE ETNA SOBEROL.[1] Plaintiff initiated this action with the filing of a timely Complaint on or about January 16, 2020. Defendants filed an Answer on July 30, 2020. Defendants then filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12 (b)(6) and 12(c). Plaintiff now respectfully submits this Response in Opposition to Defendants' motion.

---

[1] Plaintiff respectfully does not oppose defendants' motion as it pertains to plaintiff's claim for municipal liability as against defendant City of New York.

1

# STATEMENT OF FACTS

Plaintiff JANELLE MINFEE was viciously attacked by Defendant Gavin Moore on May 1, 2017. On April 16, 2018, Defendant Gavin Moore pled guilty to criminal mischief for his attack on the Plaintiff and was ordered to pay Plaintiff restitution. Additionally, Defendant Moore was issued a permanent order of protection ordering him to stay away from the Plaintiff for a period of five years (until April 15, 2023). On March 28, 2019 the Plaintiff was arrested by defendant DET. SOBEROL when Defendant Moore accused Plaintiff of threatening Defendant Moore in court in front of countless court officers, police officers and correction officers. With no corroborating evidence, witnesses or information, the Plaintiff was accused of threatening her abuser in front of various officers of the court by an erratic, violent convicted abuser, who the officer should have known was unreliable.

This incident began with the Defendant Moore's abuse of the Plaintiff. The incident continued with Detective Soberol's state sponsored abuse of the Plaintiff. When Detective Soberol spoke to counsel for the Plaintiff, counsel for the Plaintiff explained that Plaintiff was a documented victim of the complainant with an order of protection and fearful of Defendant Moore. Plaintiff's counsel also explained that the Plaintiff made no threats to complainant to Detective Soberol and detailed why Defendant Moore's complaint was not credible. Detective Soberol indicated to Plaintiff's counsel that Detective Soberol obtained video footage of a confrontation between the Plaintiff and Defendant Moore in the courtroom that corroborated Defendant Moore's narrative of events. Upon information and belief, this assertion was a lie told by Detective Soberol in an attempt to justify the unlawful arrest of the Plaintiff. Defendant Soberol was unrelenting in moving forward in error.

Defendant DET. SOBEROL ignored the clear evidence that Defendant Moore was simply retaliating for his own abuse and instead relied upon the complainant's identification, despite the complainant's erratic behavior, when hse placed plaintiff under arrest. Plaintiff was was subsequently ordered to surrender to the 84th precinct where she was processed and placed in a cell for approximately twenty-four hours. Plaintiff was then transferred to Central Booking in Brooklyn where she remained for approximately another ten hours before she was eventually released on her own recognizance. On June 12, 2019, the Kings County District Attorney's Office dismissed the cased based on the interests of justice.

## **STANDARD OF REVIEW**

After filing a timely Answer and before enough time has elapsed to result in undue delay, a defendant may move to dismiss a Complaint pursuant to Rule 12 (c) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(c). "In ruling on a motion pursuant to Fed. R. Civ. P. 12(c), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)).

In deciding a Rule 12(c) motion, the Court "employs the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6). *Hayden v. Patterson*, 594 3d 150 (Court of Appeals 2nd Cir. 2010). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in Plaintiff's favor. Fed. R. Civ. P. 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The pleading standard of Rule 8 does not require "detailed factual allegations," but demands "more than labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The Fourth Amendment right to be free from unreasonable seizures "includes the right to be free from arrest absent probable cause." *Torraco v. Port Authority of NY and NJ*, 615 F. 3d 129 (2d Cir. 2010) citing *Jaegly v. Couch,* 439 F.3d 149, 151 (2d Cir.2006). Thus, "the existence of probable cause is an absolute defense to a false arrest claim," *id.* at 139.

## ARGUMENT

1. **No Probable Cause Existed to Justify Plaintiff's Arrest**

Defendants argue that the complainant's statement to that plaintiff threatened him with an umbrella is sufficient basis for defendant DET. SOBEROL to conclude that she had probable cause to arrest plaintiff. Defendants conclude that plaintiff's false arrest claim should be dismissed based solely on the statement of an individual who was later deemed incredible by prosecutors.

As is typical for the City of New York's attorneys, defense counsel is asking the Court to look no further than the one statement that helps them and ignore everything else as if all a

DETECTIVE needs to establish probable cause is a set of magic words to construe as a complaint. This, however, is not the law.

"Probable cause to arrest exists when [an] officer [has] knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner,* 494 F.3d at 368 (citing, *e.g., Dunaway v. New York,* 442 U.S. 200, 208 n. 9, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *Wong Sun v. United States,* 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Brinegar v. United States,* 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it. *See, e.g., Hill v. California,* 401 U.S. 797, 803-04, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971). However, "the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause." *Colon v. City of New York,* 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455, 455 N.E.2d 1248 (1983). The existence of probable cause must be determined by reference to the totality of the circumstances. *See, e.g., Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). See also: *Manganiello v. City of New York*, 612 F. 3d 149 (Court of Appeals, 2nd Cir. 2010).

The question for a jury in this case is whether it was reasonable for defendant DET. SOBEROL to rely solely on the statement of the complainant despite the complainant's erratic behavior, the documented evidence establishing that the complainant had attacked Plaintiff, the conviction of the complainant for attacking the Plaintiff and why Detective Soberol lied to Plaintiff's counsel about the existence of a video evidencing a false altercation between the

Plaintiff and the Defendant. At a minimum, plaintiff is entitled to a jury's decision concerning this question of reasonableness.

This case is has similarities to *Sanders v. City of New York*, 12 CV 00113 (PKC) (LB) – E.D.N.Y. (March 30, 2015). In that case plaintiff Sanders was accused of being involved in a string of robberies and positively identified by an off-duty DETECTIVE who happened to be present when one of the robberies occurred. The off-duty officer/witness identified Sanders in a lineup as one of the individuals who he had seen committing the robbery in question. However, surveillance footage and other eye-witness testimony tended to show that the perpetrators of the robberies were between 5'7" and 6'0" tall. Sanders measured 6'6" at the time of his arrest and did not otherwise match any of the descriptions given to police by witnesses other than the off-duty officer. Charges against Sanders were eventually dismissed and he brought suit alleging numerous causes of action including false arrest.

Defendants in that case brought a summary judgment motion in which they argued that the defendant arresting officer had probable cause to arrest Sanders based solely on the off-duty officer/witness's positive identification. Hon. Magistrate Judge Bloom in her Report and Recommendation, and Hon. District Judge Pamela K. Chen in her Order Adopting the Report and Recommendation, synthesized the probable cause question as such:

> Defendants argue in their objections, as they did in their motion, that "[o]nce Rakebrandt (*the off-duty officer/witness*) identified Sanders, Detective Israel (*the defendant*) was under no obligation to compare Sanders['s] actual appearance to the video before making the arrest." (citing *Panetta v. Crowley,* 460 F.3d 388, 396 (2d Cir. 2006) ("once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury")). However, Defendants' argument misses the point by *assuming* the existence of probable cause based solely on Rakebrandt's identification. As Judge Bloom correctly found, where there are

"circumstances [that] raise doubt as to the [eyewitness's] veracity," probable cause may not exist. *See* Report at 15 (quoting *Curley v. Village of Suffern,* 268 F.3d 65, 70 (2d Cir. 2001).

In the instant case, defendants make a similar assumption based on the complainant's statement that plaintiff threatened him with an umbrella in a crowded courtroom on a case where the complainant pled guilty to crimes against the Plaintiff. Defendants would have the Court dismiss this case under the presumption that once the complainant identified plaintiff as his alleged assailant, defendant DET. SOBEROL had all the probable cause she needed to affect a lawful arrest of plaintiff. This is simply not the case. Defendant DET. SOBEROL was not free to ignore the various exculpatory evidence or the evidence of others who were also on the scene and witness to the incident in question nor was she free to ignore the complainant's erratic behavior, which included a conviction for criminal behavior against the plaintiff which caused the Plaintiff physical and financial injuries. All of this together should have suggested to the officer that the complainant was behaving erratically and was thus unreliable, which is what prosecutors eventually concluded when they decided not to prosecute plaintiff.

2. **Defendant DET. SOBEROL is not entitled to Qualified Immunity**

Defendants argue that even if DET. SOBEROL did not have probable cause to arrest plaintiff she is nonetheless entitled to qualified immunity because it was objectively reasonable for her to accept the complainant's allegation at face value. This argument puts aside the matter of reasonableness as a question for a jury and asserts that defendant DET. SOBEROL was "arguably" in possession of probable cause because it was not objectively *un*reasonable for him to rely upon the complainant's statement alone in his formulation of a basis for plaintiff's arrest.

Further, defendants' qualified immunity arguments mirror the same arguments which defendants claim support probable cause, namely, the existence of a complaining witness.

7

Because defendants' argument rests upon the same faulty logic presented in connection with their arguments discussed above, it should be rejected. *See Blissett v. Coughlin*, 66 F.3d 531, 539 (2d Cir. 1995) (finding that defendants waived their qualified immunity defense where they did not articulate "a qualified immunity defense distinct from their contention . . . that no constitutional violation occurred").

Qualified immunity is intended to ensure that before an official is subjected to a lawsuit, the official is on notice that the alleged conduct is unlawful. *Hope v. Pelzer*, 536 U.S. 730, 739-40 (2002). Thus, if the law is "clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982); *accord Kerman v. City of New York*, 261 F.3d 229, 237 (2d Cir. 2001) (qualified immunity should be denied "where it is sufficiently clear that a reasonable official would understand that what he is doing violates the law"). Where an officer asserts the defense of qualified immunity in a false arrest case, the inquiry is "whether it was objectively reasonable for the officer to conclude that probable cause existed." *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007).

Here, it was clearly established that the plaintiff had the right to be free from an arrest without probable cause, *Cook v. Sheldon*, 41 F.3d 73, 78 (2d Cir. 1994) ("It is now far too late in our constitutional history to deny that a person has a clearly established right not to be arrested without probable cause"). *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 416-18 (2d Cir. 1999). It is also clear that Detective Soberol lied about the existence of video footage in order to justify an unlawful arrest. It was equally well-established that an officer had an obligation to prevent an unlawful arrest and prosecution. *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) Accordingly, this aspect of defendants' motion should also be denied.

## **CONCLUSION**

In conclusion and for the foregoing reasons, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12 (c) as it pertains to plaintiff's cause of action for false arrest against defendant DET. SOBEROL should be denied. Defendants' argument that defendant DET. SOBEROL is entitled to Qualified Immunity should also be denied for the same reasons.


Dated: December 5, 2020
      Brooklyn, NY

Respectfully submitted by:

***Dr. Norman Keith White, Esq.***
KEITH WHITE, PLLC
*Attorney for Plaintiff*
*JANELLE MINFEE*
198A Rogers Avenue
Brooklyn, NY 11225
Tel. 646-312-9459
keith@keithwhitelaw.com

cc: **BY ECF AND REGULAR MAIL**

    Laura Iheanachor, Esq.
    New York City Law Department
    Attorneys for Defendants