UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JANELLE MINFEE,   **MEMORANDUM AND ORDER**
  20-CV-274 (RPK) (CLP)
        Plaintiff,

    -against-

CITY OF NEW YORK, DETECTIVE
ETNA SOBERAL, and GAVIN MOORE,

        Defendants.
-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    Plaintiff Janelle Minfee claims she was falsely arrested and maliciously prosecuted in violation of the Constitution and New York law. She is suing the City of New York, Detective Etna Soberal of the New York Police Department ("NYPD"), and one other defendant. The City and Detective Soberal now move to dismiss the claims against them. For the reasons set out below, the motion is granted as to all claims against those defendants except for the false arrest claim against Detective Soberal.

## BACKGROUND

### I. Factual Background

    The allegations that follow are drawn from the Complaint and assumed to be true for the purposes of this Order. Plaintiff used to own a juice shop. Compl. ¶10 (Dkt. #1). In 2017, a private citizen named Gavin Moore met with plaintiff to discuss a potential business opportunity for her store. *Id.* ¶¶ 11–12. Plaintiff decided at the meeting that she was not interested in Moore's proposal. *Id.* ¶ 12. Moore did not take this refusal well. *See id.* ¶¶ 12-13. He held plaintiff against her will, attacked plaintiff severely enough to fracture her arm, and robbed her. *Ibid.* Moore was

1

arrested two months later and charged with assault, larceny, criminal possession of stolen property, menacing, and harassment. *Id.* ¶ 14. He ultimately pled guilty to criminal mischief. *Id.* ¶ 15. A court imposed a protective order that barred Moore from contacting plaintiff for five years. *Id.* ¶ 16.

Moore retaliated against plaintiff by filing a false criminal complaint. *Id.* ¶ 17. The criminal complaint stated that plaintiff had confronted Moore at one of his court appearances "in a threatening manner" while holding an umbrella. *Id.* ¶ 18. This confrontation allegedly took place "in front of court officers and Assistant District Attorneys." *Ibid.*

After Moore filed his complaint, plaintiff's attorney reached out to an NYPD Detective named Etna Soberal. *Id.* ¶ 20. The attorney informed Detective Soberal that the criminal complaint was false and retaliatory. *Ibid.* To substantiate this rebuttal, the attorney recounted Moore's criminal history and gave Detective Moore a copy of the protective order that had recently been issued against Moore. *Ibid.* Detective Soberal responded by falsely stating that Moore's complaint was corroborated by video and eyewitnesses. *Id.* ¶ 21. Detective Soberal then arrested plaintiff. *Id.* ¶ 22. By the time of the arrest, more than a year had passed since the filing of Moore's complaint. *Id.* ¶ 19.

Plaintiff spent more than twelve hours in jail while she waited for her arraignment. *Id.* ¶ 30. She was charged with criminal possession of a weapon, harassment, and menacing. *Id.* ¶ 23. Eventually, the Kings County District Attorney's Office dismissed the charges against plaintiff in the interest of justice because there was no basis for the arrest. *Id.* ¶ 28.

**II.     Procedural History**

Plaintiff filed this lawsuit against the City, Detective Soberal, and Moore. *Id.* ¶¶ 7-9. As relevant here, plaintiff (i) raises claims against Detective Soberal under 42 U.S.C. § 1983 for false

2

arrest and malicious prosecution and (ii) alleges that the City is liable for unconstitutional actions of Detective Soberal under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.* ¶¶ 41-53. The City and Detective Soberal (collectively, "defendants") have moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") (Dkt. #23-6).

## STANDARD OF REVIEW

Motions for judgment on the pleadings under Rule 12(c) and motions to dismiss under 12(b)(6) are evaluated under the same standard. *See Ziemba v. Wezner,* 366 F.3d 161, 163 (2d Cir. 2004). In evaluating either motion, a court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (quoting *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010)). To avoid dismissal, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint, in other words, must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. While the plausibility standard "is not akin to a 'probability requirement,'" it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

**DISCUSSION**

Defendants' motion is granted in part. Plaintiff's claims against the City and plaintiff's claim of malicious prosecution against Detective Soberal are dismissed because plaintiff has abandoned them. Plaintiff may continue to pursue her false arrest claim against Detective Soberal.

I. *Monell* **and Malicious Prosecution Claim**

A federal court may deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in her opposition papers the defendant's arguments for dismissal. *See, e.g.*, *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021); *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018); *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393, 449 (S.D.N.Y. 2018). That standard is met here. Plaintiff states she "does not oppose" dismissal of her municipal liability claim. Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 1 n.1 (Dkt. #25). And plaintiff fails to address defendants' contention that she did not adequately plead any of the elements of malicious prosecution. *See* Defs.' Mem. at 9-10. Accordingly, plaintiff's claim against the City and plaintiff's malicious prosecution claim are dismissed as abandoned.

II. **Section 1983 Claim for False Arrest**

Detective Soberal seeks dismissal of plaintiff's false arrest claim on the ground that probable cause supported plaintiff's arrest. Probable cause is a "complete defense to a constitutional claim of false arrest." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2008). Probable cause exists when a law enforcement officer has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *United States v. Diaz*, 854 F.3d 197, 203 (2d Cir. 2017) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)). A "victim's identification is typically sufficient to provide

probable cause." *Stansbury v. Wertman*, 721 F.3d 84, 90 (2d Cir. 2013). But that is not necessarily the case when circumstances "raise doubts as to the victim's veracity." *Ibid.* (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)). For example, if a "bitter prior relationship exists and is known to the arresting officer before the arrest is made, the complaint alone may not constitute probable cause; the officer may need to investigate further." *Sankar v. City of New York*, 867 F. Supp. 2d 297, 306 (E.D.N.Y. 2012) (emphasis and internal quotation marks removed) (quoting *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998)); *see, e.g.*, *Allen v. Leonard*, No. CV 18-7163 (SJF) (AKT), 2020 WL 4587752 at *10-11 (E.D.N.Y. Mar. 3, 2020), *report and recommendation adopted*, 2020 WL 2537280 (E.D.N.Y. May 19, 2020); *Sherman v. City of New York*, No. 18-cv-5359 (ARR) (SJB), 2019 WL 2164081 at *8-9 (E.D.N.Y. May 16, 2019); *Morris v. City of New York*, No. 14-cv-1749 (JG)(LB), 2015 WL 1914906, at *4-5 (E.D.N.Y. Apr. 27, 2015); *Jovanovic v. City of New York*, No. 04 Civ. 8437(PAC), 2006 WL 2411541, at *7 (S.D.N.Y. Aug. 17, 2006); *see also McGee v. Doe,* 568 F. App'x 32, 37-38 (2d Cir. 2014). Ultimately, the "failure to make a further inquiry when a reasonable person would have done so may be evidence of a lack of probable cause." *Manganiello*, 612 F.3d at 161 (citation omitted).

Under these principles, it would be premature to dismiss plaintiff's false arrest claim against Detective Soberal. While a victim's criminal complaint normally gives rise to probable cause, plaintiff has alleged circumstances that should have "raise[d] doubts" as to the veracity of Moore's uncorroborated complaint. *Stansbury*, 721 F.3d at 90 (quoting *Singer*, 63 F.3d at 119). Specifically, plaintiff alleges that prior to her arrest, her counsel informed Detective Soberal that plaintiff denied Moore's allegations and that plaintiff had recently been "the victim in a case where [Moore] pled guilty." Compl. ¶ 20. Plaintiff's counsel also corroborated plaintiff's account of the

5

parties' "bitter prior relationship," *Sankar*, 867 F. Supp. 2d at 306, by furnishing Detective Soberal with a copy of the protective order against Moore, Compl. ¶ 20. And the complaint does not allege that Detective Soberal conducted further investigations to corroborate Moore's claims. *Cf.* Compl. ¶ 20 (alleging that Moore's allegations were uncorroborated); *id.* ¶ 27 (asserting that Soberal's claims of corroboration were false). Under these circumstances, dismissal based on probable cause is unwarranted. *See, e.g.*, *Sherman v. City of New York*, 2019 WL 2164081 at *8–9; *see also Manganiello*, 612 F.3d at 161-63.

The authority on which Detective Soberal relies is not to the contrary. Detective Soberal cites cases recognizing that officers may generally rely on a victim's criminal complaint in making an arrest. *See* Defs.' Mem. at 8-9; Reply in Supp. of Defs.' Mot. to Dismiss ("Reply") at 3-4 (Dkt. #26). But as five of the six cases relied on by Detective Soberal expressly note, that principle does not apply when circumstances "raise doubts as to the victim's veracity." *Stansbury*, 721 F.3d at 90; *see Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006); *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001); *Maliha v. Faluotico*, 286 F. App'x 742, 744 (2d Cir. 2008); *Pittman v. Edwards*, No. 5:20-CV-319 (GLS/ATB), 2020 WL 4194479, at *6 n.11 (N.D.N.Y. June 22, 2020); *Jean v. City of New York*, No. 08-CV-00157 (RER), 2009 WL 3459469, at *6 (E.D.N.Y. Oct. 22, 2009). Detective Soberal also invokes the principle that an officer who has probable cause need not investigate further before making an arrest. Reply at 3-4. But as explained above, when an officer has reason to doubt the credibility of a complainant, the officer does not necessarily have probable cause based on complainant statements. Under those circumstances, the officer may need to investigate further to establish probable cause.

### III. Qualified Immunity

Detective Soberal is not entitled to dismissal of the false-arrest claim based on qualified immunity. Qualified immunity protects government officials from damages if their conduct "does

6

not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  A police officer is entitled to qualified immunity for false arrest if the officer had at least "arguable probable cause to arrest the plaintiff."  *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016) (internal quotation marks omitted) (quoting *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2014)).  Arguable probable cause exists if either (i) "it was objectively reasonable for the officer to believe that probable cause existed," or (ii) "officers of reasonable competence could disagree on whether the probable cause test was met."  *Id.* at 633 (quoting *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004)).  "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Under these principles, Detective Soberal has not offered a convincing argument for dismissal of the false arrest claim at the pleadings stage.  Detective Soberal again invokes the principles that an account "by a single complaining victim can establish probable cause to arrest, and that an officer is not required to investigate or accept a perpetrator's self-serving protestations of innocence."  Defs.' Mem. at 12.  But the exception to these principles for cases in which surrounding circumstances "raise doubts as to the [complainant's] veracity," *Stansbury,* 721 F.3d at 90 (quoting *Singer*, 63 F.3d at 119), was clearly established at the time of plaintiff's arrest.  And Detective Soberal has not developed any narrower argument that an officer of reasonable competence could have concluded that the circumstances surrounding the dispute between plaintiff and Moore did *not* raise doubts about Moore's veracity—notwithstanding the protective order and the other information that Detective Soberal was allegedly provided.  Detective Soberal has accordingly failed to demonstrate that—taking as true the allegations in the complaint—an officer

7

of reasonable competence could have concluded that probable cause supported plaintiff's arrest. *Myers*, 819 F.3d at 633.

## CONCLUSION

Plaintiff's Section 1983 claims for malicious prosecution and municipal liability against Detective Soberal and the City of New York, respectively, are dismissed as abandoned. Detective Soberal's motion to dismiss the Section 1983 false arrest claim against her is denied.

SO ORDERED.

                                            /s/ Rachel Kovner
                                            RACHEL P. KOVNER
                                            United States District Judge

Dated: August 12, 2021
       Brooklyn, New York